## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ANDY ORTIZ, | : | |
| *Plaintiff*, | : | |
| | : | CIVIL ACTION NO. |
| v. | : | 21-CV-3813 |
| | : | |
| P.I.C.C., *et al.*, | : | |
| *Defendants*. | : | |

**PAPPERT, J.**                                                                 **May 18, 2022**

### MEMORANDUM

*Pro se* Plaintiff Andy Ortiz, a convicted prisoner incarcerated at the Curran-Fromhold Correctional Facility ("CFCF")[1] alleges violations of his constitutional rights and asserts claims pursuant to 42 U.S.C. § 1983.  (ECF 4.)  ("Am. Compl.")  He also filed a Declaration in Support of Motion to Proceed *In Forma Pauperis* and an inmate account statement.[2]  (ECF 6, 13.)  The Court grants Ortiz leave to proceed *in forma pauperis*, dismisses his claims against the Philadelphia Industrial Correctional Center ("PICC") with prejudice and dismisses the remainder of the Amended Complaint without prejudice for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Ortiz is granted leave to file a Second Amended Complaint to correct the deficiencies in his Amended Complaint.

---

[1]     The publicly available docket reflects that on March 5, 2021, Ortiz pled guilty to rape of a child and numerous related offenses. *Commonwealth v. Ortiz*, No. CP-51-CR-1258-2020 (C.P. Phila.).  On October 7, 2021, while awaiting sentencing, Ortiz filed a motion to withdraw his guilty plea.  That motion remains pending.  (*Id.*)  Thus, at the time of the events giving rise to his claims, Ortiz was a pretrial detainee.

[2]     Ortiz's request for leave to proceed *In Forma Pauperis* was initially denied without prejudice because the accompanying inmate account statement did not satisfy the requirements of § 1915. (*See* ECF 9.)  Ortiz submitted a more complete account statement which substantially complies with § 1915.  (*See* ECF 13.)

I[3]

Ortiz's original filing consisted of a two-page letter that was docketed as a

federal civil rights case brought pursuant to 42 U.S.C. §1983.  (*See* ECF 1.)  Upon

review, the Court determined the letter did not meet the requirements of the applicable

Federal Rules of Civil Procedure or the applicable federal civil rights statutes and Ortiz

was not permitted to proceed based on his original filing.  (*See* ECF 3.)  The Court

granted Ortiz time to file an Amended Complaint addressing the deficiencies described

in the Court's Order and he did so.  (*Id.*)  In his Amended Complaint, which is now the

governing pleading, Ortiz names the following Defendants: PICC, Correctional Officer

("CO") Gibson, CO Bailey, CO Johnson, Warden Farrell, Major Martain, Sargent

Heads, Sargent Crawford, Lieutenant Spellman, CO E. Young, Blanche Carney, CO

Morris, CO Clark and CO Robbinson.  (Am. Compl. at 1.)  Although he does not include

them in the Amended Complaint's caption, its body includes allegations against CO

Jones, Deputy Warden Cruz, Major Rose and CO Cooper.  Defendant Carney is sued in

her official capacity.  Ortiz does not indicate whether the remaining Defendants are

sued in their individual or official capacities.  (*Id.*)

On May 20, 2020, Ortiz filed a grievance stating he and his cellmate felt unsafe.

(*Id.* at 1.)  At that time Ortiz was housed on K-unit in protective custody (he does not

identify the facility) but he was placed with the general population during exercise.  (*Id.*

at 1-2.)  He alleges unidentified people came to his cell door to threaten him but does

not identify the nature of the threats.  (*Id.* at 2.)  Ortiz also alleges he feared for his

---

[3]      The allegations are taken from the Amended Complaint (ECF 4).  The Court adopts the
pagination assigned by the CM/ECF docketing system.

safety while housed on C-unit in protective custody at PICC because general population

mental health inmates were housed on the same block.  (*Id.*)  Ortiz asserts he informed

each of the named Defendants about his concerns.  (*Id.*)

Ortiz also alleges that "[e]ver since [he] came back," he has been assaulted twice,

once during CO Robbinson's shift and once during CO E. Jones's shift.  (*Id.* at 3.)  Ortiz

claims CO E. Jones failed to report the assault.  He also claims he asked CO E. Jones to

be housed alone to avoid assaults, but his request was ignored.  (*Id.*)

Ortiz alleges he filed a grievance on approximately September 29, 2021 stating

he had spoken to CO E. Jones, Deputy Warden Cruz and Major Rose about his safety

and a pending sexual harassment claim.  (*Id.*)  CO Cooper is alleged to have "refused

and cursed at [Ortiz] because [he] asked to talk to Major Deputy Warden Rose."  (*Id.*)

Ortiz claims his Eighth Amendment[4] rights have been violated because he has

been exposed to general population inmates who have threatened him.  (*Id.* at 2.)  He

claims he has suffered emotional distress as a result. (*Id.*)  Ortiz also claims he has

been the target of retaliation because he has asserted his legal rights.  (*Id.* at 3.)  In

addition, he claims both PICC and CFCF have failed to protect him.  (*Id.*)

II

The Court grants Ortiz leave to proceed *in forma pauperis* because it appears he

is incapable of paying the fees to commence this civil action.[5]  Accordingly, 28 U.S.C.

§ 1915(e)(2)(B)(ii) requires the Court to dismiss his Amended Complaint if it fails to

---

[4]     Although Ortiz refers to the Eighth Amendment, the Fourteenth Amendment's Due Process
Clause governs claims brought by pretrial detainees.  *Hubbard v. Taylor*, 399 F.3d 150, 166 (3d Cir.
2005).

[5]     However, as Ortiz is a prisoner, he is obligated to pay the filing fee in installments in
accordance with the Prison Litigation Reform Act.  *See* 28 U.S.C. § 1915(b).

state a claim.  Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the Amended Complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted).  "At this early stage of the litigation,' '[the Court will] accept the facts alleged in [the *pro se*] complaint as true,' 'draw[] all reasonable inferences in [the plaintiff's] favor,' and 'ask only whether [that] complaint, liberally construed, . . . contains facts sufficient to state a plausible [] claim.'" *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) (quoting *Perez v. Fenoglio*, 792 F.3d 768, 774, 782 (7th Cir. 2015)).  Conclusory allegations do not suffice.  *Iqbal*, 556 U.S. at 678.  As Ortiz is proceeding *pro se*, the Court construes his allegations liberally.  *Vogt v. Wetzel*, 8 F. 4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)).

III

Ortiz's Amended Complaint is best interpreted to raise constitutional claims arising from an alleged failure to protect him and alleged retaliation based on the exercise of his legal rights.  The vehicle by which federal constitutional claims may be brought in federal court is Section 1983 of Title 42 of the United States Code, which provides in part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper

proceeding for redress.

42 U.S.C. § 1983.  "To state a claim under § 1983, a plaintiff must allege the violation of

a right secured by the Constitution and laws of the United States, and must show that

the alleged deprivation was committed by a person acting under color of state law."

*West v. Atkins*, 487 U.S. 42, 48 (1988).  Additionally, "[a] defendant in a civil rights

action must have personal involvement in the alleged wrongs" to be liable.  *See Rode v.

Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988).

### A

Ortiz includes PICC as a Defendant and claims the prison failed to protect him.

(Am. Compl. at 3.)  The § 1983 claim against PICC is dismissed because a prison is not

a "person" under § 1983, and not subject to liability under that statute.  *Cephas v.

George W. Hill Corr. Facility*, No. 09-6014, 2010 WL 2854149, at *1 (E.D. Pa. July 20,

2010); *Miller v. Curran-Fromhold Corr. Facility*, No. 13-7680, 2014 WL 4055846, at *2

(E.D. Pa. Aug. 13, 2014) (citing *Mitchell v. Chester Cty. Farms Prison*, 426 F. Supp. 271

(E.D. Pa. 1976)).

### B

Ortiz does not allege facts regarding any involvement of Defendants Gibson,

Bailey, Johnson, Farrell, Martain, Heads, Crawford, Spellman, Young, Carney[6], Morris,

---

[6]    Ortiz asserts his claims against Defendant Carney in her official capacity.  Claims against
City officials named in their official capacity are indistinguishable from claims against the City.  *See
Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985) ("Official-capacity suits . . . 'generally represent
only another way of pleading an action against an entity of which an officer is an agent.'") (quoting
*Monell v. N.Y.C. Dept. of Soc. Servs.*, 436 U.S. 658, 690, n. 55 (1978)).  "[A]n official-capacity suit is,
in all respects other than name, to be treated as a suit against the entity."  *Id.*

    To state a claim for municipal liability, a plaintiff must allege the defendant's policies or
customs caused the alleged constitutional violation.  *Id.* at 694; *Natale v. Camden Cty. Corr. Facility*,
318 F.3d 575, 583-84 (3d Cir. 2003).  The plaintiff "must identify [the] custom or policy, and specify
what exactly that custom or policy was" to satisfy the pleading standard.  *McTernan v. City of York,*

Clark or Jackson in the events giving rise to his claims.  Since the Court cannot

conclude Ortiz will not be able to state plausible claims against these Defendants, he is

granted leave to amend his claims against them.

C

The gravamen of Ortiz's Amended Complaint is that personnel at PICC and at

CFCF failed to protect him.  (Am. Compl. at 2, 3.)  He alleges he "informed each

Defendant" about perceived threats to his safety.  (*Id.* at 2.)  Ortiz also alleges CO E.

Jones did not report an assault against Ortiz and, when he requested single cell status

from CO E. Jones, he was ignored.  (*Id.* at 3.)  These undeveloped allegations do not

state a plausible claim for failure to protect.

The Fourteenth Amendment's Due Process Clause governs claims brought by

pretrial detainees.  *Hubbard*, 399 F.3d at 166.  To establish a basis for a Fourteenth

Amendment violation, a prisoner must allege his conditions of confinement amount to

punishment.  *Bell v. Wolfish*, 441 U.S. 520, 538 (1979).  Unconstitutional punishment,

be it under the Eighth Amendment applicable to convicted prisoners or the Fourteenth

Amendment applicable to pretrial detainees, typically includes both objective and

subjective components.  *Stevenson v. Carroll*, 495 F.3d 62, 68 (3d Cir. 2007).  "[T]he

objective component requires an inquiry into whether the deprivation was sufficiently

serious and the subjective component asks whether the officials acted with a

---

564 F.3d 636, 658 (3d Cir. 2009).  Allegations that simply paraphrase the standard for municipal
liability, are too vague and generalized to support a claim against the City.  *See, e.g.*, *Szerensci v.
Shimshock*, No. 20-1296, 2021 WL 4480172, at \*7 (W.D. Pa. Sept. 30, 2021) ("Plaintiffs' conclusory
allegation, which generally paraphrases the relevant standard, is insufficient to state a claim for §
1983 liability under *Monell*.") (citing cases).  Ortiz does not state a plausible municipal liability claim
against Carney.

sufficiently culpable state of mind." *Id.* (internal quotations and alterations omitted).

In general, to allege a sufficiently culpable state of mind a detainee must assert prison officials acted with deliberate indifference, meaning they consciously disregarded a serious risk to the detainee's health or safety. *See Wilson v. Seiter*, 501 U.S. 294, 298-99 (1991); *see also Wilson v. Burks*, 423 F. App'x 169, 173 (3d Cir. 2011) (*per curiam*) ("'[T]he official must both be aware of facts from which the inference could be drawn that a substantial harm exists, and he must also draw that inference.'") (quoting *Farmer v. Brennan*, 511 U.S. 825, 837 (1994)); *cf. Edwards v. Northampton Cnty.*, 663 F. App'x 132, 135 (3d Cir. 2016) (*per curiam*) ("[W]e agree with the District Court and find no reason to apply a different standard here as we have applied the 'deliberate indifference' standard both in cases involving prisoners and pretrial detainees." (internal citations omitted)).

In the context of suits against prison officials for failure to protect an inmate from harm caused by other inmates, the Third Circuit has stated that where a prison official is deliberately indifferent to a pervasive risk of harm to an inmate, an inmate may obtain relief in a § 1983 action. *Young v. Quinlan*, 960 F.2d 351, 361 (1992) (superseded by statute on other grounds as stated in *Nyhuis v. Reno*, 204 F.3d 65, 71 n.7 (3d Cir. 2000). In *Young*, the Third Circuit held summary judgment against an inmate was inappropriate where prison officials were warned by the inmate that he was concerned about his safety and it was undisputed that the prison officials, aware of the warning, either did nothing or their response, if any, came too late to be of any help. *Id.* at 363. *See also Carter v. Lawler*, 446 F. App'x 420, 423 (3d Cir. 2011) (*per curiam*) (affirming dismissal of failure to protect claim where "[t]here is no suggestion that the

Defendants had any prior warning or knowledge that Carter might be involved in an altercation with Nguyen, or that they were aware that Carter's cell door was unlocked"); *Bonner v. Sipple*, 392 F.Supp.3d 594, 599 (E.D. Pa. 2019) (failure to protect claim dismissed where litigant did not allege how attack on him came about, what the defendant was in a position to see or do or what the defendant did or did not do in connection with the attack to "allow" it to occur).

Here, Ortiz asserts broadly that both PICC and CFCF failed to protect him (Am. Compl. at 3). Prisons, however, are not proper defendants in a §1983 action. Ortiz also alleges he "informed each Defendant" about threats to his safety, but he does not allege specifically what he told each Defendant or how each Defendant responded. He alleges CO E. Jones failed to report an assault against Ortiz that occurred during Jones's shift but does not allege Jones was aware of the assault when it occurred or, more importantly, that Jones was aware it might occur and ignored that risk. Ortiz alleges Jones did not grant him single cell status when he requested it but does not allege it was within Jones's purview to grant that request.[7] Ortiz has not stated a plausible claim that Defendants failed to protect him from harm, but he will be allowed to amend this claim.

D

Ortiz alleges he filed a grievance about his safety and CO Cooper "refused and cursed at [Ortiz]." (ECF 4 at 3.) These allegations could be construed as a claim that

---

[7]     In any event, prisoners have no inherent constitutional right to placement in any particular prison, to any particular security classification or to any particular housing assignment. *See Wilkinson v. Austin*, 545 U.S. 209, 221-22 (2005) (holding the Constitution does not give rise to a liberty interest in avoiding transfers to more adverse conditions of confinement); *Lane v. Tavares*, No. 14-991, 2016 WL 7165750, at *16 (M.D. Pa. July 12, 2016) (same).

Cooper interfered with Ortiz's ability to participate in the prison grievance process. However, "[p]rison inmates do not have a constitutionally protected right to a grievance process." *Jackson v. Gordon*, 145 F. App'x 774, 777 (3d Cir. 2005) (*per curiam*); *see also Caldwell v. Beard*, 324 F. App'x 186, 189 (3d Cir. 2009) (*per curiam*); *Matthews v. Graves*, No. 14-445-GMS, 2014 WL 4743958, at *4 (D. Del. Sept. 19, 2014) ("In addition, because a prisoner has no free-standing constitutional right to an effective grievance process, Matthews cannot maintain a constitutional claim against Kendall and Internal Affairs based upon his perception that they failed to properly investigate his grievances.")  Accordingly, the facts Ortiz alleges against Cooper do not give rise to a plausible basis for a constitutional claim.

E

Ortiz also asserts a First Amendment retaliation claim.  Ortiz states "[i]t feels like guard [sic] are having inmates to try to attack me cause I practice my legal rights. Dealing with Retaliation is what I'm going thru." (ECF 4 at 3.)  To state a plausible First Amendment retaliation claim, a prisoner must allege:  (1) he engaged in constitutionally protected conduct; (2) he suffered an adverse action sufficient to deter a person of ordinary firmness from exercising his constitutional rights; and (3) the constitutionally protected conduct was "a substantial or motivating factor" for the adverse action.  *See Rauser v. Horn*, 241 F.3d 330, 333 (3d Cir. 2001); *Mitchell v. Horn*, 318 F.3d 523, 530 (3d Cir. 2003); *Coit v. Garman*, 812 F. App'x 83, 86 (3d Cir. 2020) (*per curiam*).  A prisoner's filing of a grievance is constitutionally protected conduct.  *See Robinson v. Taylor*, 204 F. App'x 155, 157 (3d Cir. 2006) (citing *Mitchell*, 318 F.3d at 530; *Davis v. Goord*, 320 F.3d 346, 35-53 (2d Cir. 2003)).

9

Ortiz alleges both that he filed grievances and that he was assaulted, but the temporal and causal connections, if any, between those events are not clear from the Amended Complaint. Additionally, there are no facts from which a plausible inference could be drawn that the alleged assaults were committed with the encouragement of any prison personnel. Ortiz's claim is not plausible, but he will again be allowed leave to amend.

IV

For the foregoing reasons, the Court dismisses with prejudice Ortiz's claim against PICC and dismisses without prejudice the remainder of the Amended Complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Ortiz is granted leave to file a Second Amended Complaint to address the deficiencies described herein. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

An appropriate Order follows.

BY THE COURT:

*/s/ Gerald J. Pappert*
GERALD J. PAPPERT, J.